IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON KIRKENDALL, # B-86162, ) | |
| RESHON FARMER, # B-89073, ) | |
| LEQUESS LOFTON, # B-88142, ) | |
| CEASAR M. BURRIS, JR., # B-80496, ) | |
| and JAMEAL D. SPENCER, # B-86534, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 14-cv-772-JPG |
| ) | |
| MEARL JUSTUS, ) | |
| RICK WATSON, ) | |
| OFFICER JACK DINGES, ) | |
| OFFICER NICHOLS, ) | |
| OFFICER LEVI BRIDGES, ) | |
| and OFFICER CAMERON REID, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of several motions filed in response to the Court's July 29, 2014, order (Doc. 6). Each non-lead Plaintiff[1] was given the opportunity to "opt out" of the group litigation by so advising the Court in writing, thereby avoiding the assessment of a filing fee. Each non-lead Plaintiff wishing to pursue his claims, either jointly or in a severed separate action, was ordered to either pay the $400.00 filing fee or submit a motion for leave to proceed *in forma pauperis* ("IFP").

Lead Plaintiff Kirkendall responded with a motion (Doc. 9) requesting that he be allowed to proceed with his claims in a severed action including only himself and one other co-Plaintiff, Reshon Farmer. Plaintiff Farmer filed a nearly identical motion (Doc. 7), also requesting that his

---

[1] Plaintiff Kirkendall was designated as the lead Plaintiff in this case.

claims be severed to proceed in an action including only himself and lead Plaintiff Kirkendall. Plaintiff Farmer also filed a motion for leave to proceed IFP, as directed (Doc. 8).

Plaintiff Burris timely filed his motion for leave to proceed IFP (Doc. 10), and then filed a motion requesting to sever his claims into a separate, individual action (Doc. 11). Plaintiff Burris also notified the Court that he has recently been moved to a different prison (Vienna Correctional Center), so is no longer housed in the same institution with the other original co-Plaintiffs (Doc. 12).

Plaintiffs Lofton and Spencer did not respond at all to the Court's July 29, 2014, order, despite having ample time to do so. As they were advised, each of them shall be required to pay a $400.00 filing fee for having initiated this action, and each of them shall be dismissed from this case.

**I.  Plaintiffs Kirkendall and Farmer – Motions at Docs. 4, 7, 8 & 9**

The motions by Plaintiff Kirkendall and Plaintiff Farmer to continue their litigation together, but in a separate action from the other three co-Plaintiffs, do not conflict with any other pending motions. Therefore, those motions (Docs. 7 & 9) shall be **GRANTED IN PART.** The instant action, Case No. 14-cv-772-JPG, shall proceed with Plaintiffs Kirkendall and Farmer only. Because the other three Plaintiffs will either be severed or dismissed, it is not necessary to sever the claims of Plaintiffs Kirkendall and Farmer into a new case; therefore, that portion of the motions requesting severance is denied.

The Court shall enter separate orders in this case on the motions for leave to proceed IFP filed by Plaintiff Kirkendall (Doc. 4) and Plaintiff Farmer (Doc. 8).

The Court shall conduct its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A in a separate order. That review shall include a disposition of the pending "Motion to

Amend Petition of the Defendants' Exhaustion Remedies of Violations claimed within the Civil Rights Complaint" (Doc. 2), signed by Plaintiffs Kirkendall, Farmer, and the other original co-Plaintiffs. As soon as this review is completed, a copy of the Court's order will be forwarded to Plaintiffs Kirkendall and Farmer.

**II. Severance of Claims by Plaintiff Burris – Motions at Docs. 10 & 11; Notice at Doc. 12**

Plaintiff Burris' motion to sever his claims into a separate action (Doc. 11) is **GRANTED.** The motion also includes a request for leave to amend the complaint. As noted below, the original complaint filed in this case (Doc. 1) shall be filed in Plaintiff Burris' newly severed case, and he may proceed on that pleading if he so desires. Alternatively, he may submit an amended complaint in that new action, in conformance with Federal Rule of Civil Procedure 15(a)(1) and SDIL Local Rule 15.1. Local rule requires that the proposed amended pleading must be submitted along with any motion for leave to amend. The Court will not accept piecemeal amendments; any proposed amended complaint must stand on its own without reference to any other pleading. An amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

**IT IS ORDERED** that Plaintiff Burris' claims are **SEVERED** into a new case. That new case shall be captioned: **CEASAR M. BURRIS, JR., Plaintiff, vs. MEARL JUSTUS, RICK WATSON, OFFICER JACK DINGES, OFFICER NICHOLS, OFFICER LEVI BRIDGES, and OFFICER CAMERON REID, Defendants**.

The new severed case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order
(2) The original Complaint (Doc. 1)

(3) The motion to amend petition of the Defendants' exhaustion remedies (Doc. 2)
(3) The Memorandum and Order at Doc. 6
(4) Plaintiff Burris' motion to proceed *in forma pauperis* (Doc. 10)
(5) Plaintiff Burris' notice of change of address (Doc. 12)

**IT IS FURTHER ORDERED** that Plaintiff **CEASAR M. BURRIS, JR.** is **TERMINATED** from *this* action with prejudice.  He will not owe a filing fee for this action, but will be responsible for the filing fee in his severed case.  His motion for leave to proceed *in forma pauperis* shall be addressed in that new case.  The Clerk shall notify Plaintiff Burris of his new case number, and he is cautioned to file all future documents under that new number.

The Court shall conduct its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A in a separate order, to be entered in the new severed case.  That review shall include a disposition of the pending "Motion to Amend Petition of the Defendants' Exhaustion Remedies of Violations claimed within the Civil Rights Complaint" (Doc. 2), signed by Plaintiff Burris and the other original co-Plaintiffs.  As soon as this review is completed, a copy of the Court's order will be forwarded to Plaintiff Burris.

### III.  Dismissal of Plaintiffs Lofton and Spencer

Despite being warned of the consequences of failing to respond to the Court's order at Doc. 6, neither Plaintiff Lofton nor Plaintiff Spencer took the opportunity to voluntarily withdraw his claims.  Neither filed a motion for leave to proceed IFP in this action.  Accordingly, each must pay a $400.00 filing fee, and each will be dismissed from this action.

**IT IS ORDERED** that **PLAINTIFF LEQUESS LOFTON** and **PLAINTIFF JAMEAL D. SPENCER** are both **DISMISSED** from this action without prejudice, for want of prosecution and for failure to comply with an order of this Court.  *See* FED. R. CIV. P. 41(b).

Each of these dismissed Plaintiffs incurred the obligation to pay a separate $400.00 filing fee for this action when he declined the opportunity to voluntarily withdraw from the case (Doc.

6).  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A separate order shall issue directing the institutional trust fund officer to deduct payments from each Plaintiff's prisoner trust fund account in accordance with 28 U.S.C. § 1915(b).

The Clerk is **DIRECTED** to send a copy of this order to each of the original five Plaintiffs at their respective institutions.

**IT IS SO ORDERED.**

**DATED: September 11, 2014**

<u>s/J. Phil Gilbert</u><br>
United States District Judge