IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRANDON KIRKENDALL and RESHON FARMER, )
)
     Plaintiff, )
)
vs. )  Case No.  14-cv-772-JPG-SCW
)
RICK WATSON, JACK DINGES, )
OFFICER NICHOLS, LEVI BRIDGES, )
and CAMERON REID, )
)
     Defendants.

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### INTRODUCTION

    This case is before the Court on Defendants' motion to dismiss or, in the alternative, motion for more definite statement (Doc. 40).  The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge J. Phil Gilbert pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a).**  It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANTS IN PART** Defendants' motion to dismiss or, in the alternative, motion for more definite statement.

### FACTUAL AND PROCEDURAL BACKGROUND

    On July 8, 2014, five individual inmates at Saint Clair County Jail filed this complaint regarding the conditions of confinement at the jail.  Although the complaint was signed by five individuals, only Plaintiff Brandon Kirkendall sought IFP status.  Given the Court's concern regarding proceeding with a group prisoner case, the Court requested that the non-lead Plaintiffs provide the Court with specific indication as to whether or not they wanted to proceed in the group

case, given the risks and concerns associated with such litigation (Doc. 6). Two of the Plaintiffs were later dismissed from the case for failing to respond to the motion and one Plaintiff asked to be severed from the case, leaving only Brandon Kirkendall and Rashon Farmer as plaintiffs in the present case (Doc. 13). Plaintiffs' complaint alleged that Defendants operated the jail in a poor and life threatening manner including living conditions that were overcrowded, infested with insects and mice, had foul odors, small portions of food, inadequate access to the law library, and peeling paint throughout the jail. They also alleged that they were not provided enough cleaning materials for the bathroom (Doc. 22). On October 28, 2014, the Court reviewed Plaintiffs' claims pursuant to 28 U.S.C. § 1915A and found that Plaintiffs stated a claim for conditions of confinement (Count 1) and a claim under the Fourteenth Amendment for denying Plaintiffs adequate physical exercise (Count 2), but dismissed Plaintiffs' claims regarding small portions of food and inadequate access to the law library (*Id.*). At the time of the Court's review, the Court reminded Plaintiffs of their continuing obligation to the keep the clerk and opposing parties informed of any change in address by the Plaintiffs (Doc. 22).

In response to Plaintiffs' complaint, Defendants have filed the instant motion to dismiss or, in the alternative, motion for more definite statement (Doc. 40). Defendants argue that the complaint alleges that Plaintiffs were subjected to improper conditions of confinement, but the complaint does not disclose the dates of that confinement. Defendants point out that in Plaintiffs' motion to amend complaint (Doc. 2), in which Plaintiffs sought to amend their pleadings to allege exhaustion of administrative remedies, Plaintiffs indicated that they provided grievances to the guards at Saint Clair County on June 22, 2011, June 24, 2011, and July 3, 2011. As those are the only dates that Plaintiffs allege regarding their conditions, Defendants argue that the statute of limitations has now run as to Plaintiffs' claims as the limitations period for incidents which occurred in 2011

would have run in 2013, long before Plaintiffs filed their complaint in 2014. In the alternative, Defendants seek a more definite statement as the complaint is vague and ambiguous as to when Plaintiffs were subjected to these conditions at Saint Clair County. Plaintiffs have not responded to Defendants' motion.

The undersigned notes that after Defendants' filed their motion, the Court received notice from Menard Correctional Center, indicating that Brandon Kirkendall was previously housed at Menard Correctional Center but that he was released from IDOC custody on February 11, 2015 (Doc. 43). Kirkendall has not informed the Court of his current address.

## ANALYSIS

### A. Failure to Prosecute

**FEDERAL RULE OF CIVIL PROCEDURE 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Further, the Local Rules provide, and Plaintiff was informed in this Court's threshold Order, that he is "under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his…location." *See* **LOCAL RULE 3.1(b).**

At the time that Plaintiffs filed the complaint in this case, Brandon Kirkendall was an inmate at Menard Correctional Center. The Court received notice from Menard Correctional Center that Kirkendall was released from custody on February 11, 2015 (Doc. 43). He has not informed the Court of his current address since leaving prison. Nor has he filed a response to Defendants' pending motion to dismiss. The Court has no way of knowing Plaintiff's current address and informed the Plaintiff previously that it would not independently investigate a plaintiff's whereabouts. As Plaintiff Kirkendall was under a continuing obligation to inform the Court of his change of address and has failed to do so, and as he has not participated in this case since his release

from prison, the undersigned finds that it appears Plaintiff Kirkendall does not wish to continue participating in this case since his release. As such, it is **RECOMMENDED** that the Court **DISMISS with prejudice** Plaintiff Kirkendall's claims for want of prosecution.

### B. Motion to Dismiss

As it is recommended that Kirkendall's claims be dismissed for want of prosecution, the undersigned will only discuss Defendants' motion to dismiss as it relates to Defendant Farmer.

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In assessing a complaint or count under Rule 12(b)(6), the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Indus., Ltd. v. PriceWaterhouseCooper, LLP*, 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). Courts must determine whether the factual allegations in a complaint plausibly suggest an entitlement to relief. *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Dismissal is warranted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.,* 381 F.3d 701, 704 (7th Cir. 2004)). For purposes of a Rule 12(b)(6) motion, the allegations of a *pro se* complaint, which this case was originally filed as, are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006); *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

Because a statute of limitations argument is an affirmative defense, which a plaintiff's complaint is not required to anticipate, such grounds for dismissal under Rule 12(b)(6) is irregular.

*Alman v. Dart*, **Case No. 08-cv-6322, 2010 WL 502755, at \*2 (N.D.Ill. Feb. 9, 2010) (citing** *United States v. Northern Trust Co.*, **372 F.3d 866, 888 (7th Cir. 2004)).** However, when a claim is unquestionably past the proscribed statute of limitations, the Court may dismiss it. *Small v. Chao*, **398 F.3d 894, 898 (7th Cir. 2005).**

Actions brought under 42 U.S.C. § 1983 have been characterized by the Supreme Court as personal injury claims and must be governed by the personal injury statute of limitations in the states where the alleged injury took place. *Owens v. Okure*, **488 U.S. 235, 249-250 (1989);** *Wilson v. Garcia*, **471 U.S. 261, 279 (1985).** According to Illinois law, personal injury actions, and those brought under 42 U.S.C. § 1983, are subject to a two-year statute of limitation. **735 Ill. Comp. Stat. § 5/13-202;** *Gonzalez v. Entress*, **133 F.3d 551, 554 (7th Cir. 1998).** While state law determines the statute of limitation period, federal law determines the accrual of claims. *Wilson v. Giesen*, **956 F.3d 551, 554 (7th Cir. 1998);** *Wallace v. Kato*, **549 U.S. 384, 388 (2007).** The Supreme Court has held that the standard rule for when accrual occurs is "when the plaintiff has a complete and present cause of action." *Wilson*, **549 U.S. at 388;** *Wilson v. Giesen*, **956 F.2d 738, 740 (7th Cir. 1992);** *Wallace v. City of Chicago*, **440 F.3d 421, 427 (7th Cir. 2006).** That being the case, in a civil rights claim, such as a 42 U.S.C. § 1983, the claim accrues when the plaintiff either knew or should have known that his constitutional rights have been violated. *Evans v. Poskon*, **603 F.3d 362, 363 (7th Cir. 2010) (a claim which accrues must be filed without regard to a conviction's validity).** However, a statute of limitations is "tolled while a prisoner completes the administrative grievance process." *Walker v. Sheahan*, **536 F.3d 973, 978 (7th Cir. 2008) (citing** *Johnson v. Rivera*, **272 F.3d 519, 522 (7th Cir. 2001));** *Gomez v. Randle*, **680 F.3d 859, 864 (7th Cir. 2012).**

Here, Plaintiffs' complaint does not indicate when Plaintiff Farmer was at Saint Clair County Jail. It only indicates that both plaintiffs were inmates at Saint Clair County for "all times relevant to

this civil matter" and that Plaintiff Kirkendall was incarcerated at Menard Correctional Center at the time the complaint was filed.  Farmer does not indicate in the complaint his location at the time the complaint was filed.  Defendants point out that in Plaintiffs' motion to amend their complaint so as to allege proper administrative exhaustion, Plaintiffs alleged that grievances were given to officers on June 22, 2011, June 24, 2011, and July 3, 2011.  Defendants argue that the conditions Plaintiffs allege in their complaint must have occurred prior to those grievance dates, making the claims barred by the statute of limitations as the two-year statute of limitations for incidents in 2011 would have run prior to Plaintiffs filing their complaint on July 8, 2014.

However, it is not clear to the undersigned when Plaintiff Farmer were held at Saint Clair County which prevents the undersigned from determining whether or not the statute of limitations period has run in this case.  If the events alleged in the complaint occurred prior to the grievances Plaintiffs' identified in their motion to amend, then the statute of limitations would have most likely run.  But the undersigned cannot determine the statute of limitations because Plaintiff has not provided dates in the complaint.  In order to determine whether the statute of limitations has run, it is **RECOMMENDED** that the Court **GRANT** Defendants' alternative motion under Rule 12(e) for a more definite statement as Defendants have properly identified a defect in Plaintiffs' complaint which requires more details.  It is **RECOMMENDED** that Plaintiff Farmer be given **fourteen (14) days** from the date this Report and Recommendation is adopted to respond to Defendants' motion and identify the time period that he was held at Saint Clair County and the period that he experienced the conditions alleged in the Complaint.  If Plaintiff fails to respond to the motion, then the Court **RECOMMENDS** that the Court treat Plaintiff's failure to respond as an admission to the merits of Defendants' statute of limitations argument and **DISMISS with prejudice** the claims against Defendants as barred by the statute of limitations.

## CONCLUSION AND RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that Defendant Kirkendall's claims be dismissed for failure to prosecute.  The undersigned also **RECOMMENDS** that the Court **GRANT** Defendants' motion for more definite statement and **ORDER** Defendant Farmer to provide the Court with the dates that Plaintiff Farmer was housed at Saint Clair County within **fourteen days** of adopting the findings and recommendations in this report.  Should Plaintiff fail to respond (as Plaintiff has not responded to the motion to dismiss), the undersigned **RECOMMENDS** that the Court treat that failure to respond as an admission to the merits of Defendants' motion based on the statute of limitations and **GRANT** Defendants' motion to dismiss, as Plaintiff's claims are barred by the statute of limitations.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).**  Accordingly, Objections to this Report and Recommendation must be filed on or before **June 8, 2015.**

**IT IS SO ORDERED**.

DATED: May 20, 2015.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge